UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**MCLEAN COUNTY UNIT DISTRICT #5** )<br>**BOARD OF DIRECTORS, et al.,** )<br>)<br>**Defendants.** ) | Case No. 08-2205 |

# REPORT AND RECOMMENDATION

In September 2008, Plaintiff Cincinnait Insurance Company filed a Complaint for Declaratory Judgment (#1) against Defendants McLean County Unit School District #5, McLean County Unit District #5 Board of Education, Jon White, Jim Braksick, Alan Chapman, Dale Heidbreder, Edward Heinemann, John Pye, Jane Doe-2, and Julie Doe-2. In September 2008, Plaintiff filed a First Amended Complaint for Declaratory Judgment (#5). In February 2009, the Court allowed Plaintiffs' motion to file their Second Amended Complaint (#71-3). Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

In November 2008, Defendants McLean County Unit School District #5, McLean County Unit District #5 Board of Education, Jim Braksick, Alan Chapman, Dale Heidbreder, Edward Heinemann, and John Pye (hereinafter "McLean Defendants or Defendants") filed a Motion for Partial Dismissal of Counts I-III of First Amended Complaint for Declaratory Judgment (#15). Plaintiff subsequently filed its Opposition To Certain Defendants' Motion for Partial Dismissal of Counts I-III of First Amended Complaint for Declaratory Judgment (#19). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion for Partial Dismissal of Counts I-III of First Amended Complaint for Declaratory Judgment **(#15)** be **DENIED**.

## I.  Background

The following background is taken from the complaint.  All Defendants are parties to a pending underlying suit in which Defendants Jane Doe-2 and Julie Doe-2 sued McLean Defendants and Defendant White, among others, in relation to White's alleged sexual abuse of Jane Doe-2 which occurred while Jane Doe-2 was an elementary student in White's classroom.

In the declaratory judgment suit, Plaintiff seeks a ruling that it owes no coverage to McLean Defendants or to Jon White for the underlying lawsuit.  The coverage complaint is based on a comparison of the policy issued to McLean County Unit School District #5 and the allegations of the underlying complaint.  Plaintiff asks the Court to rule that it has no obligation to provide a defense or to indemnify or reimburse McLean Defendants or Jon White in connection with the underlying lawsuit.

Plaintiff's complaint alleges four counts as follows:  Count I seeks a declaratory judgment that Plaintiff has no obligation to cover the claims against McLean Defendants based on the Sexual Misconduct Endorsement of the policy.  Count II seeks a declaratory judgment that Plaintiff has no obligation to cover the claims against McLean Defendants based on the CGL policies.  Count III seeks a declaratory judgment that Plaintiff has no obligation to cover the claims against McLean Defendants based on the umbrella policies.  Count IV seeks a declaratory judgment that the policies do not cover Jon White's conduct.

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

### III.  Analysis

McLean Defendants argue that the Court should dismiss Counts I, II, and III for failure to state a claim. Specifically, Defendants contend that Plaintiff's request for a declaratory judgment is premature because (1) Defendants' liability in the Jane Doe-2 lawsuit has not been determined; (2) any determination as to Plaintiff's obligation to indemnify or reimburse the McLean Defendants would require the Court to adjudicate facts at issue in the Jane Doe-2 lawsuit.

Defendants stated in their brief that the underlying lawsuit is pending and there has been no determination of the McLean Defendants' liability. In February 2009, the court filed an order dismissing all claims against McLean County Defendants in the underlying suit (No. 08-2169, #94) based on the second amended complaint. The court expressly stated that the only claims remaining in that suit are Counts II and III of Plaintiffs' second amended complaint against Defendant Jon White. Nevertheless, until the time for appeal runs, this is not a final order.

As an initial matter, the Court notes that Plaintiff has requested declaratory judgment regarding two distinct issues: its duty to defend and its duty to indemnify.

In general, a request for a declaratory judgment regarding an insurer's duty to defend the insured is considered to be ripe for adjudication during the pendency of a lawsuit implicating that duty. *Sears, Roebuck & Co. v. Zurich*, 422 F.2d 587, 589 (7th Cir. 1970). Under Illinois law, in a declaratory judgment action regarding an insurer's duty to defend, the court must "look only to the complaint in the underlying action to see if the allegations set forth therein show that the

insured's conduct is within or potentially within coverage." *Bituminous Cas. Corp. v. Fulkerson*, 571 N.E.2d 256, 260 (Ill. App. Ct. 1991). "In other words, it is only the allegations in the underlying complaint, considered in the context of the relevant policy provisions, which should determine whether an insurer owes a duty to defend an action brought against an insured." *Id*. "If the conduct alleged in the underlying action is within or potentially within the policy's coverage, the insurer is duty bound to defend its insured . . . even if the insurer discovers that the allegations are groundless, false, or fraudulent." *Id.* at 261. A court may look beyond the allegations in the complaint only if the coverage issue involves such ancillary matters as whether the insured paid the premiums or whether he is the proper insured under the policy. "These principles are derived from the rule that when a court is asked to declare whether an insured's conduct is covered under a policy in the context of a declaratory judgment action, the court must not determine disputed factual issues that are crucial to the insured's liability in the underlying lawsuit." *Id.*

Based on Illinois law, the Court concludes that the issue of whether Plaintiff has a duty to defend McLean Defendants in the underlying lawsuit is ripe for adjudication and recommends denying the motion to dismiss the claims regarding Plaintiff's duty to defend.

The duty to defend is broader than the duty to indemnify. *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir. 1992). Where there is no duty to defend, no duty to indemnify can arise. *Id.* Thus, if the court finds there is no duty to defend, it can immediately address the question of an insurer's duty to indemnify without waiting for resolution of the underlying lawsuit.

However, where a duty to defend exists, the question of a duty to indemnify will depend on whether the facts alleged in the underlying case actually fall within the coverage of the insurance policy. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1081 (Ill. 1993). In that situation, a consideration of the insurer's duty to indemnify should await

resolution of the underlying lawsuit.  *United Nat'l*, 953 F.2d at 338 ("where there is a duty to defend, the duty to indemnify must await resolution of the underlying suits").

Because the issue of whether Plaintiff has a duty to defend has not been determined, the Court cannot conclude at this point that the issue of duty to indemnify is premature.  Accordingly, the Court recommends denying the motion to dismiss the claims regarding Plaintiff's duty to indemnify.

### IV.  Summary

For the reasons set forth above, this Court recommends that  Defendants' Motion for Partial Dismissal of Counts I-III of First Amended Complaint for Declaratory Judgment **(#15)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 25th day of February, 2009.

                                                    s/ DAVID G. BERNTHAL
                                                    U.S. MAGISTRATE JUDGE